In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00378-CR**
_____

**JAMES RUSSELL SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. F22-41200**

## MEMORANDUM OPINION

A grand jury indicted Appellant James Russell Smith ("Appellant" or "Smith") for robbery, a second-degree felony. *See* Tex. Penal Code Ann. § 29.02. The indictment included four enhancement paragraphs, alleging Smith had four previous felony convictions. Smith pleaded "not guilty" to the offense and the jury found Smith guilty. During the punishment phase of the trial, Smith pleaded "not true" to the four enhancements. After hearing evidence, the jury found Smith was previously convicted of at least one sequential felony offense as alleged in the

1

indictment and assessed punishment at forty-five years of confinement. The trial court sentenced Smith in accordance with the jury's verdict. Smith timely appealed.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Smith to file a pro se brief, and Smith filed a pro se brief.

The Court of Criminal Appeals has held that we need not address the merits of the issues raised in an *Anders* brief or a pro se brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may after reviewing the record determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire

record, counsel's brief, and Smith's pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, we note that in the section of the judgment entitled "1st Enhancement Paragraph:" the judgment incorrectly recites that Smith "PLEADED TRUE[.]" This Court has the authority to reform the trial court's judgments to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). We delete this language and substitute "PLEADED NOT TRUE" in its place. As modified, we affirm the trial court's judgment.[1]

AFFIRMED AS MODIFIED.

LEANNE JOHNSON
Justice

Submitted on October 8, 2025
Opinion Delivered October 15, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1] Smith may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.